**UNTED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:26-CV-62515-KUNTZ**

**ROBERT DAVID FERRER URDANETA,**

Petitioner

v.

**MARKWAYNE MULLIN**, et al.,
_______________________________/

**ORDER**

**THIS CAUSE** is before the Court on Robert David Ferrer Urdaneta's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1] and the government's response. [ECF No. 5]. After careful review and being fully advised, the Petition is **DENIED** for the reasons in this Order.

Petitioner is a citizen and national of Venezuela[1] who applied for admission at Miami International Airport on March 14, 2024 as an arriving alien. [ECF No. 5]. On that same day, Customs and Border Patrol ("CBP") processed the Petitioner with a Venezuelan Humanitarian Parole, issuing him an I-94 where his parole expired on June 12, 2025. *Id.*

[1] It appears that the Petitioner has stated contradictory facts. The Petition identifies the Petitioner as a citizen of Venezuela at one point, and a citizen of Turkey at another. [ECF No. 1, ¶7;¶17]. The Petition also states that he is an asylum seeker who arrived on March 14, 2024, but also states he entered without inspection on July 2022. *Id.* ¶1; ¶17. Absent the information provided by Respondents, the Court would be left to figure out who is the Petitioner in question.

On September 3, 2026, Petitioner was encountered by Immigration and Customs Enforcement ("ICE") and Removal Operations ("ERO"). *Id*. The Department of Homeland Security entered a Warrant for Arrest of Alien and a Notice of Custody Determination. *Id*. On September 7, 2026, ICE ERO issued Petitioner a Notice to Appear, charging Petitioner as inadmissible. *Id*. Removal proceedings were then initiated on September 10, 2026.

## **ANALYSIS**

### I. **Procedural Requirements Were Met**

As a threshold matter, the Court will address Petitioner's argument that procedural requirements were not met. In relevant part, Petitioner argues that Respondents did not issue a Warrant of Arrest at the time of arrest. [ECF No. 1, ¶37-39]. Respondents demonstrated that Petitioner's argument lacks merit. Petitioner was served a Warrant for Arrest of Alien on September 3, 2026. [ECF No. 5-3]. Petitioner was then afforded a Notice of Custody Determination which he refused to sign. [ECF No. 5-4]. Petitioner was then issued a Notice to Appear on September 23, 2026, which he refused to sign. [ECF No. 5-5].

### II. **Petitioner is Subject to Mandatory Detention Under § 1225**

The primary argument Petitioner brings is that the Respondents incorrectly applied 8 U.S.C. § 1225 to Petitioner, when they should have applied § 1226.

So, the Court construes this to be a question of whether Petitioner, in the context of a prior paroled alien who is then later re-detained, is an "arriving alien" subject to the mandatory detention provisions of 8 U.S.C. § 1225 or whether

Petitioner falls under § 1226. This Court has answered this same question in other cases. *See Mesadieu v. U.S. Immigr. & Cystins Enf't*, - F. Supp. 3d -, 26-cv-62384, 2026 WL 2792854 (S.D. Fla. Sept. 10, 2026); *see also Perez v. Gonzales*, - F. Supp. 3d -, 26-cv-62467, 2026 WL 2792870 (S.D. Fla. Sept. 10, 2026) (holding that prior paroled aliens who are later re-detained are considered arriving aliens subject to the mandatory detention provisions of § 1225).

As noted earlier, Petitioner was paroled on March 14, 2024, and that parole later expired on June 12, 2025. For temporary admissions of nonimmigrants, the government may at their discretion "parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States." 8 U.S.C. § 1182(d)(5)(A). However, "such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole … have been served the alien shall forthwith return or be returned to the custody from which he was paroled[.]" *Id*. It follows that the alien's "case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id*.

Petitioner does not seek a bond hearing, rather, they seek immediate release because of the improper application of § 1225(b)(2)'s mandatory detention provision. If the Court were to accept Petitioner's framing, then arriving aliens would be able to elude the auspices of § 1225(b)(2)'s mandatory detention by simply overstaying their parole period. The text is unequivocally clear – when an alien's parole expires,

he "shall … return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5)(A) (emphasis added); *see* 8 C.F.R. §§ 1.2, 1001.1(q) ("[a]n arriving alien remains an arriving alien even if paroled pursuant to section 212(d)(5) of the Act, and even after any such parole is terminated or revoked.) Petitioner was classified as an arriving alien when he arrived at the United States, was subsequently paroled, and now has been returned to custody after the termination of their parole. So the Petitioner remains an arriving alien, and per the Eleventh Circuit in *Hernandez Alvarez*, § 1225 applies to arriving aliens. 175 F.4th 1258, 1277-78 (11th Cir. 2026) For the Court to conclude otherwise would be to contravene the entirety of § 1182(d)(5)(A).

## <u>CONCLUSION</u>

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Petition is **DENIED**. The Clerk is directed to **CLOSE** the case and **TERMINATE** any pending motions.

**DONE** and **ORDERED** in Chambers in Fort Lauderdale, Florida on September 22, 2026.

JEFFREY T. KUNTZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record